952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Carlos CHAVEZ-VERNAZA, Plaintiff-Appellant,
v.
Joseph CRABTREE, Warden FCI Sheridan, Defendant-Appellee.
 No. 91-35253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided Jan. 14, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Carlos Chavez-Vernaza, a federal prisoner, appeals pro se the district court's dismissal of his petition for habeas corpus. We affirm.
 
 
 3
 Chavez-Vernaza argues that prison officials at the Federal Correctional Institute (FCI) in Sheridan, Oregon have wrongly denied him a retroactive award of the Extra Good Time Credits (EGT) which he alleges he earned while held in the FCI in Phoenix, Arizona.
 
 
 4
 Chavez-Vernaza argues that he is entitled to EGT because Gregg Liska, Associate Warden, FCI Sheridan, recommended him for it. The regulations provide EGT in excess of three months may be awarded retroactively with the approval of a Warden or a designee of at least the Associate Warden level. 28 CFR § 523.11(b) (emphasis added). We assume that Liska's recommendation was the equivalent of the approval required by the regulations. However, the regulations also provide "staff" must recommend EGT: "staff are responsible for recommending meritorious good time based upon work performance." 28 CFR § 523.11(a). The Bureau of Prisons interprets its regulation to limit "staff" to staff at the facility for which the EGT is requested. Liska's recommendation was based on the recommendation submitted by Carolyn Brake, FCI Pleasanton, another facility at which Chavez-Vernaza spent time. Since Brake was not staff in Phoenix, prison officials held her recommendation as to EGT for time spent in Phoenix did not meet the requirements of the regulation.
 
 
 5
 We accept the Bureau's interpretation of its own regulation unless it is plainly erroneous. United States v. Larionoff, 431 U.S. 864, 872 (1977). The regulation provides: "Each recommendation must include a justification which clearly shows that the work [ ] performed is of an exceptionally meritorious nature or is of outstanding importance in connection with institutional operations. Work performance and the importance of the work performed are the only criteria for awarding meritorious good time." 28 CFR § 523.11(a).[1] It is reasonable to assume that only staff who were in contact with the prisoner when the work was performed would be in a position to provide such information.
 
 
 6
 Chavez-Vernaza argues that failure to credit him with the EGT violated his due process rights. The "constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Thus the due process clause does not of its own force require that the credit be accorded in any particular fashion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circ.R. 36-3
 
 
 [1]
 The language of the regulation mirrors that of the statute, which provides: "In the discretion of the Attorney General ... allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations." 18 U.S.C. § 4162